**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**ANTHONY J. PATTERSON,**

       **Petitioner,**

**v.**                                 **Case No.  5:13cv51/RV/CJK**

**MICHAEL CREWS,**

       **Respondent.**
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1), with supporting memorandum (doc. 2).  Respondent moves to dismiss the petition as untimely, providing relevant portions of the state court record (doc. 18).  Petitioner has responded in opposition to dismissal (doc. 22).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

On January 11, 2008, petitioner was charged by amended information filed in the Circuit Court for Calhoun County, Florida, Case No. 07-0101, with one count of Sale or Delivery of a Controlled Substance (Cocaine).  (Doc. 18, Ex. A, p. 34).[1] Petitioner proceeded to jury trial, where he was found guilty as charged.  (Ex. A, p. 80, Exs. B-D).  Petitioner was adjudicated guilty and sentenced to fifteen years imprisonment.  (Ex. A, pp. 93-97, Ex. B).  The Florida First District Court of Appeal ("First DCA")  per curiam affirmed on February 17, 2009, without a written opinion. *Patterson v. State*, 5 So. 3d 673 (Fla. 1st DCA 2009) (Table) (copy at Ex. F).

On April 27, 2009, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.  (Ex. H, pp. 1-7).  On June 19, 2009, attorney Jonathan Dingus filed a Notice of Appearance as petitioner's attorney of record.  (*Id*., p. 9).  The state circuit court held an evidentiary hearing on petitioner's claim, and denied relief on the merits.  (*Id*., pp. 12-14).  Mr. Dingus withdrew from petitioner's case, and a public defender was appointed to represent petitioner on appeal.  (Ex. I).  On May 27, 2010, the First DCA granted the public defender's motion to withdraw and ordered petitioner to file an initial brief, *pro se*, no later than June 21, 2010.  (Ex. J).  Petitioner failed to file an initial brief, and his appeal was dismissed on April 13, 2011.  (Ex. M; *see also* Ex. K, L).

On August 24, 2011, petitioner filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a).  (Ex. N, pp. 1-14).  The state circuit court denied the motion.  (*Id*., pp. 24-35).  The First DCA per curiam affirmed on April 3, 2012, without a written opinion.  *Patterson v. State*, 84 So. 3d 1034 (Fla. 1st

---

[1]All references to exhibits will be to those provided at Doc. 18, unless otherwise noted.

DCA 2012) (Table) (copy at Ex. O).  The mandate issued May 1, 2012.  (Ex. R).

Petitioner filed his federal habeas petition in this court on February 14, 2013. (Doc. 1, p. 1).  Petitioner raises two grounds for relief:  (1) counsel was ineffective during plea negotiations when he advised petitioner to reject the State's plea offer without advising petitioner of the maximum penalty he faced if he were found guilty after a trial, and (2) counsel was ineffective for failing to object to the prosecutor's reference to petitioner as a "drug dealer."  (*Id*., p. 4).  Respondent asserts the petition is untimely and should be dismissed.  (Doc. 18).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition.  *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).  The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

The First DCA affirmed petitioner's judgment of conviction on February 17, 2009.  Petitioner did not seek review of his conviction in the United States Supreme Court.  Accordingly, petitioner's conviction became "final" for purposes of § 2244 on May 18, 2009, when the ninety-day period for seeking certiorari from the Supreme Court expired.[2]  *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court).

At the time petitioner's conviction became final, petitioner's Rule 3.850 motion (filed on April 27, 2009) was pending, which tolled the limitations period.  Therefore,

---

[2]The 90-day period for filing in the United States Supreme Court a petition for a writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of the mandate.  *See* SUP. CT. R. 13.3; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

although the limitations period was triggered on May 18, 2009, it was statutorily tolled until April 13, 2011, the date on which petitioner's appeal of the order denying postconviction relief was dismissed.

After dismissal of his postconviction appeal, petitioner allowed 132 days of the limitations period to lapse before filing his Rule 3.800(a) motion on August 24, 2011. Petitioner's Rule 3.800(a) motion was pending (and statutorily tolled the limitations period) from August 24, 2011 (the date it was filed), until May 1, 2012 (the date the First DCA issued the mandate on appeal). *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" postconviction motion is "pending" under Florida procedure – and consequently tolls the limitations period – until the appellate court's issuance of the mandate on appeal).  The limitations clock began to run once more on May 2, 2012 (the day after issuance of the First DCA's mandate), and expired 233 days later on December 20, 2012.  Petitioner's federal habeas petition was not filed until February 14, 2013, and is untimely.

Petitioner argues in opposition to dismissal that *Martinez v. Ryan*, — U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), controls this case and entitles him to equitable tolling, because "denial of counsel at initial-review collateral proceeding prevented petitioner from timely filing post conviction pleading to toll AEDPA's one-year statute of limitations."  (Doc. 22, p. 1).  The Eleventh Circuit has expressly rejected petitioner's argument that *Martinez* applies to overcome the statute of limitations bar.  *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) (holding that "the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period.").

Even if the *Martinez* rule or the rationale behind that rule were extended to a § 2254 petition barred by AEDPA's limitations period, that rule could not provide a basis for relief here. Petitioner's Rule 3.850 motion was filed – and concluded – <u>before</u> any time on the federal habeas limitations period ran. Thus, petitioner cannot genuinely argue that an alleged lack of counsel at the time he filed his motion, or ineffectiveness of counsel during that proceeding, had any effect on his ability to timely file a federal habeas petition. *See Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (holding that a federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal petition (internal quotation marks omitted)).

CONCLUSION

Petitioner's federal habeas petition is untimely. Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period. Petitioner's failure to timely file his petition requires dismissal of this case.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 18) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Anthony Patterson* in the Circuit Court for Calhoun County, Florida, Case No. 07-0101, be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 1st day of April, 2014.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).